# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STERIGENICS U.S., LLC, ) | CASE NO.: 1:21-cv-04581 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE: MARY M. ROWLAND |
| v. ) | |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA., ) | |
| ) | |
| Defendant. ) | |

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(c) and ECF 28, Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") respectfully cross-moves for an entry of judgment on the pleadings in its favor on all counts of Plaintiff Sterigenics U.S., LLC's ("Sterigenics") First Amended Complaint.

1. This is a declaratory judgment lawsuit, where Sterigenics seeks a declaration that two insurance policies issued by National Union to Griffith Laboratories, Inc. and Griffith Laboratories U.S.A., Inc. (collectively, "Griffith") provide coverage for hundreds of lawsuits brought against Sterigenics in Illinois state court. The underlying lawsuits allege that Sterigenics and various underlying defendants emitted tons of toxic, carcinogenic ethylene oxide ("EtO") gas from sterilization facilities in Willowbrook, Illinois causing sickness, disease, and death to those that inhaled EtO.

2. As an initial matter, National Union disputes that Sterigenics meets its burden to establish evidence that it qualifies as an insured under the National Union policies. Moreover, numerous material issues of fact preclude an entry of judgment of judgment on the pleadings in

favor of Sterigenics. As a result, National Union opposes Sterigenics' motion for partial judgment on the pleadings [ECF 24] and directs this Honorable Court to its opposition arguments filed contemporaneously.

3. Even if Sterigenics were an Insured under the policies, which it has not proven, any coverage under the National Union policies is excluded by the policies' pollution exclusions. The underlying lawsuits seek damages arising from the airborne release, escape, and dispersal of EtO into the atmosphere. Illinois courts routinely enforce the pollution exclusion where, as here, the pollution is in the context of traditional environmental pollution, regardless of whether a permit to release the pollutant exists. Moreover, an exception to the pollution exclusions for "sudden and accidental" releases is not applicable, because the emission of EtO was a common, routine, and encouraged process.

4. Finally, "personal injury" coverage for the wrongful entry, eviction, or other invasion of the right of private occupancy is not implicated by the underlying lawsuits. No claim in the underlying lawsuits alleges any interference with property rights caused by the release of EtO to implicate the coverage. Rather, the claims allege a general, public nuisance which is not recognized to implicate "personal injury" coverage under Illinois.

5. For the reasons set forth in detail in its Combined Response in Opposition to Plaintiff's Motion for Partial Judgment on the Pleadings and Memorandum in Support of National Union's Cross-Motion for Judgment on the Pleadings, filed contemporaneously with this Motion, and pursuant to Fed. R. Civ. P. 12(c), Defendant National Union Fire Insurance Company of Pittsburgh, Pa. respectfully requests that the Court:

(1) Grant National Union's Motion for Judgment on the Pleadings;
(2) Enter Judgment in National Union's favor declaring that National Union has no duty to defend and indemnify Sterigenics relative to the Underlying Litigation;
(3) Deny Sterigenics' Motion for Partial Judgment on the Pleadings;

(4) Dismiss Sterigenics' First Amended Complaint, *with prejudice*; and

(5) Grant such other relief as the Court deems just and proper.

Dated: February 11, 2022

                                    Respectfully Submitted,
                                    NICOLAIDES FINK THORPE
                                    MICHAELIDES SULLIVAN LLP

By: /s Joseph P. Lang
**Attorneys for National Union Fire Insurance Company of Pittsburgh, PA**
Matthew J. Fink (#6201197)
Joseph P. Lang (#6272584)
Samuel Y. Chen (#6326706)
**NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**
10 S. Wacker, Suite 2100
Chicago, Illinois 60606
(312) 585-1400 (Phone)
(312) 585-1401 (Facsimile)

4877-2085-3257

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Andrew Gordon May
Neal, Gerber & Eisenberg LLP
2 North Lasalle Suite 1700
Chicago, IL 60602
(312) 269-8000
Email: amay@nge.com

Kerry James Sullivan
Calfee, Halter & Griswold LLP
The Calfee Building
1405 E.6th Street
Cleveland, OH 44114
(216) 622-8567
Email: kjsullivan@calfee.com

Matthew A Chiricosta
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East 6th St.
Cleveland, OH 44114
(216) 622-8284
mchiricosta@calfee.com

Paul R. Walker Bright
Neal Gerber & Eisenberg LLP
2 N. LaSalle St
Suite 1700
Chicago, IL 60602
312-269-8000
Email: pwalkerbright@nge.com

Jill B. Berkeley
Neal Gerber & Eisenberg
2 North LaSalle Street
Suite 1700
Chicago, IL 60602
312-269-8024
Email: jberkeley@nge.com

By: /s Joseph P. Lang
Joseph P. Lang