**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STERIGENICS U.S., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.:  1:21-cv-04581 |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | JUDGE: MARY M. ROWLAND |
| COMPANY OF PITTSBURGH, PA., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

___

**MEMORANDUM IN SUPPORT OF NATIONAL UNION'S MOTION
FOR LEAVE TO FILE COUNTERCLAIMS**

National Union Insurance Company of Pittsburgh, Pa. ("National Union"), pursuant to

Federal Rule of Civil Procedure 15(a)(2), files this Memorandum of facts and law in support of its

Motion for Leave to File Counterclaims, and states:

**I.      INTRODUCTION**

National Union requests leave of court to supplement its Answer to include Counterclaims

under Federal Rule of Civil Procedure 15(a)(2), which allows a party to seek permission to amend

its pleadings at any time before trial.  Both the rule and Supreme Court precedent instruct that

courts "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Forman v.*

*Davis*, 371 U.S. 178, 182 (1962).  The argument for allowing leave is "especially compelling"

where, as here, the proposed Counterclaims are compulsory and cannot be filed in a separate

action.  *Jupiter Aluminum Corp. v. Home Ins. Co.*, 181 F.R.D. 605, 609 (N.D. Ill. 1998).  [*See*

proposed Counterclaims, attached as Exhibit A.]

Rule 15(a)(2)'s broad mandate to "freely give" leave to amend pleadings applies to the

proposed Counterclaims, which aver valid causes of action against Sterigenics and are not subject

to immediate dismissal or summary judgment because: (1) the Court's duty to defend ruling is an interlocutory decision based upon the pleadings and is subject to reconsideration and revision after the completion of relevant discovery; and (2) the Court has not adjudicated the issue of whether National Union has a duty to indemnify Sterigenics in the underlying litigation. Further, leave should be allowed because National Union's motion is timely, will not cause undue delay or prejudice, and is filed in good faith. *See Forman*, 371 U.S. at 182; *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019).

Granting leave would allow this Court to affirmatively decide all insurance coverage issues which exist between Sterigenics and National Union. Permitting amendment accords with the meaning, purpose, and spirit of Rule 15(a)(2).

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

### A.    Sterigenics Files This Insurance Coverage Action Against National Union

Sterigenics filed its initial Complaint against National Union on August 27, 2021 and First Amended Complaint on October 29, 2021. [ECF 1; ECF 15.] The First Amended Complaint alleges that National Union must defend and indemnify Sterigenics against hundreds of lawsuits which remain separate actions but are consolidated for pretrial and discovery purposes only under the caption *In re: Willowbrook Ethylene Oxide Litigation*, case no. 18 L 10475, pending in the Circuit Court of Cook County, Illinois (the "Underlying Litigation"). [*Id*.] The Underlying Litigation's Fourth Amended Master Complaint (the "Master Complaint") alleges that numerous entities—including Sterigenics' purported predecessor, Micro-Biotrol Company ("Micro-Biotrol")—tortiously owned and operated a sterilization facility in Willowbrook, Illinois ("the Willowbrook facility") that exposed the community's residents to toxic emissions of ethylene oxide ("EtO"). [ECF 15-1, pp. 4-5, 9, 15]. The Master Complaint avers that Micro-Biotrol

operated the Willowbrook facility from October 4, 1984 until at least May 24, 1999. [*Id.*]

Plaintiffs in the Underlying Litigation seek damages for sickness, illness, cancer, and death

allegedly resulting from defendants' negligence (Count 1), negligent training (Count 2), negligent

supervision (Count 3), willful and wanton conduct (Count 4), ultrahazardous activity/strict liability

(Count 5), civil battery (Count 6), and public nuisance (Count 7). [*Id.* at pp. 73-83.]

### B.    The National Union Policies

Sterigenics seeks insurance coverage under two Commercial General Liability policies

issued by National Union to Griffith Laboratories, U.S.A., Inc. and Griffith Laboratories, Inc.

(collectively "Griffith"). [ECF 15, pp. 5-6.] Policy No. GLA-945-70-58A was effective

September 30, 1983 to September 30, 1984; Policy No. GLA-194-00-11RA was effective

September 30, 1984 to September 30, 1985 (collectively "Policies"). [ECF 25-1; ECF 25-2.]

The Policies define "Named Insured" as including Griffith, its subsidiaries, and "any other

company which is acquired or formed by the named insured during the policy period" if certain

conditions are met. [ECF 25-1, p. 16; ECF 25-2, p. 15.] Sterigenics claims that it is the corporate

successor of Micro-Biotrol, an alleged subsidiary of Griffith, and thus a "Named Insured" under

the Policies. [ECF 15, pp. 6-11.]

The Policies' insuring agreement provides coverage, in pertinent part, for "all sums which

the insured shall become legally obligated to pay as damages because of . . . **bodily injury** . . . to

which th[e] insurance applies, caused by an occurrence." [ECF 25-1, p. 6; ECF 25-2, p. 12.] The

insuring agreement further states that National Union "shall have the right and duty to defend any

suit against the **insured** seeking damages on account of such **bodily injury** . . ." [*Id.*]

The Policies contain a pollution exclusion which precludes coverage "for **bodily injury** . .

. arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids,

alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water." [ECF 25-1, p. 6; ECF 25-2, p. 12.] The pollution exclusion does not apply if the "discharge, dispersal, release or escape is sudden or accidental." [*Id.*]

The Policies also provide personal injury liability coverage for "all sums which the **insured** shall become legally obligated to pay as damages because of **personal injury** . . . to which th[e] insurance applies, sustained by any person or organization and arising out of the conduct of the named insured's business, within the policy territory . . ." [ECF 25-1, p. 7; ECF 25-2, p. 13.] National Union has "the right and duty to defend any suit against the **insured** seeking damages on account of any such injury . . ." [*Id.*] "**Personal injury**" includes injury arising out of the "wrongful entry or eviction or other invasion of the right to private occupancy" if the offense is committed during the policy period. [*Id.*]

### C. The Procedural History

#### 1. Sterigenics' First Amended Complaint And National Union's Answer And Affirmative Defenses

Sterigenics' First Amended Complaint alleges numerous claims against National Union, including counts for Declaratory Judgment, Duty to Defend (Count I), Declaratory Judgment, Duty to Indemnify (Count II), and Breach of Contract (Count III). [ECF 15.] On November 18, 2021, National Union answered, expressly denying Sterigenics' claims and averments. [ECF 19.]

#### 2. The Parties File Cross-Motions For Judgment On The Pleadings

On November 23, 2021—five days after National Union filed its Answer and Affirmative Defenses—the parties filed a Joint Initial Status Report. [ECF 21.] The report asserted Sterigenics' request that discovery and other proceedings should be stayed pending resolution of its anticipated Rule 12(c) Motion on the duty to defend. [ECF 21, p. 4.] National Union disagreed,

stating that unless cross-motions could be decided without reference to Sterigenics' alleged "insured" status, questions of material fact require discovery prior to the determination of any coverage obligations allegedly owed under the Policies. [ECF 21, pp. 4-5.] On December 15, 2021, Sterigenics filed a Motion for Partial Judgment on the Pleadings on the duty to defend. [ECF 24.] The Court entered a briefing schedule thereby rejecting National Union's request regarding the scope of cross-motions before discovery. [ECF 26.] On February 11, 2022, National Union filed a Cross-Motion for Judgment on the Pleadings and Opposition to Sterigenics' Motion. [ECF 31; ECF 32.]

> **3.    This Court Enters Judgment On The Pleadings On The Duty To Defend**

On August 3, 2022, this Court entered a Memorandum Opinion and Order granting Sterigenics' Motion for Partial Judgment on the Pleadings. [ECF 39; ECF 40.] The Court held that National Union owes Sterigenics a duty to defend the lawsuits in the Underlying Litigation based upon the allegations set forth in the Master Complaint. [*Id.*, p. 23.] The Court did not determine whether Sterigenics is, in fact, an "insured" under the Policies, an issue on which National Union seeks discovery. [*Id.*, pp. 4-5.] The Court's duty to defend ruling was based, in part, on conclusions regarding the Policies' pollution exclusion and personal injury coverage, which are additional issues upon which National Union seeks discovery. [*Id.*, pp. 13-23.] The Court further held that National Union is not estopped from asserting coverage defenses. [*Id.*, pp. 27-28.] The Court did not render any other judgments or issue any mandates on the duty to defend (Count I), duty to indemnify (Count II), or breach of contract (Count III) counts contained in Sterigenics' First Amended Complaint. [ECF 40.] This Court has directed the parties to file written reports outlining the outstanding issues in this coverage litigation, with opening briefs due

September 23, 2022. [ECF 41.] National Union files this Motion for Leave to File Counterclaims within that timeframe, along with the requested status brief.

### D. National Union's Proposed Counterclaims

The proposed Counterclaims fall within the six "major legal and factual issues anticipated in the case" identified in the parties' Joint Initial Status Report:

1. Whether Sterigenics meets it burden of demonstrating it is an insured under the Policies;

2. Whether the Underlying Litigation implicates the Policies' coverage for "bodily injury" caused by an "occurrence";

3. Whether the pollution exclusions in the Policies preclude coverage for the Underlying Litigation;

4. Whether the Underlying Litigation implicates the Policies' coverage for "personal injury";

5. Whether any additional policy exclusions apply to preclude coverage for the Underlying Litigation; and

6. Whether Sterigenics U.S. has other insurance that provides coverage for the Underlying Lawsuit and, if so, the priority of all applicable coverage.

[*See* ECF 21, p. 3; Exhibit A]

### III. ARGUMENT

### A. Rule 15(a)(2) Is Broadly Interpreted to "Freely Give" Parties Leave to Amend Pleadings

Federal Rule of Civil Procedure 15(a)(2) permits a party to seek leave of court to amend its pleadings at any time before trial. Rule 15 is "the sole rule governing amendment of a pleading to add a counterclaim."[1] Fed. R. Civ. P. 15, Advisory Committee Notes, 2009 Amendment. The

---

[1] The 2009 Advisory Committee Notes to Fed. R. Civ. P. 13 state that "Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15. . . . When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered—as they should be—according to the same standard directing that leave should be freely given when justice so requires." Fed. R. Civ. P. 13, Advisory Committee Notes, 2009 Amendment. *See, e.g., SFM Corp. v.*

rule is broadly interpreted and expressly instructs that courts "should freely give leave when justice

so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts should not deny leave absent a 'good

reason'—such as futility, undue delay, prejudice, or bad faith." *Kreg Therapeutics, Inc. v. VitalGo,*

*Inc.*, 919 F.3d 405, 417 (7th Cir. 2019), *see also Forman v. Davis*, 371 U.S. 178, 182 (1962)

(explaining that leave to amend should be "freely given" in the absence of "undue delay, bad faith

or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing

party . . . futility of amendment, etc.").

      The Supreme Court of the United States instructs that Rule 15(a)(2)'s broad mandate to

"freely give" leave to amend "be heeded." *Id*. The Seventh Circuit agrees. Absent extenuating

circumstances, denials of leave to amend "are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546,

562 (7th Cir. 2010). A decision to deny amendment "will be reviewed rigorously on appeal."

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510,

519 (7th Cir. 2015).

      **B.**       **The Argument For Granting Leave Is Particularly Compelling Where the Amendment Seeks to Plead a Compulsory Counterclaim**

      Leave to amend an answer to add counterclaims should be "liberally" allowed "in

furtherance of the goal of the Federal Rules to resolve disputes on the merits and in a single judicial

proceeding whenever possible." *Jupiter Aluminum Corp. v. Home Ins. Co*., 181 F.R.D. 605, 609

(N.D. Ill. 1998). *"*The argument for amendment is especially compelling where the [counter]claim

is compulsory." *Id*. (emphasis added) (*citing Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214,

220 (5th Cir. 1975) ("the argument for allowing amendment is especially compelling where . . .

the omitted counterclaim is compulsory"). *Accord*, *T&M Industrials v. Great Lakes Salt, Inc*.,

---

*Sundstrand Corp*., 99 F.R.D. 101, 104 (N.D. Ill. 1983) ("Despite the variation in their wording, Rules 13(f) and 15(a) have been construed as prescribing essentially the same standards for granting leave to add omitted counterclaims.").

2016 WL 693231, *7 (N.D. Ill. Feb. 22, 2016) (holding that "justice require[d]" the court to grant a motion for leave to file compulsory counterclaims where denial would forever preclude defendant from filing its claims against plaintiff); *Kimberly-Clark Worldwide Inc. v. First Quality Baby Products LLC*, 2015 WL 1582368, *12 (E.D. Wis. Apr. 9, 2015) ("[T]he fact that a counterclaim is 'compulsory' is a reason for granting leave to amend, since if the amendment is not allowed the counterclaim will be barred in subsequent actions.").

National Union's proposed Counterclaims are compulsory under Federal Rule of Civil Procedure 13(a) because the Counterclaims arise out of the same facts and subject matter as Sterigenics' First Amended Complaint and they do not require adding another party. *See* Fed. R. Civ. P. 13(a) (generally stating that a pleading must state compulsory counterclaims against the opposing party). [*See* ECF 15; Exhibit A.] Because the proposed Counterclaims are compulsory, they cannot be asserted in any other action. *See* Fed. R. Civ. P. 13(a). Special and compelling circumstances therefore exist which support allowing leave here, consistent with this District's decisions in *Jupiter Aluminum* and *T&M Industrials* and the guidance contained in *Spartan Grain & Mill* and *Kimberly-Clark Worldwide*.

C. **Leave to File Counterclaims Should Be Granted Under Rule 15(a)(2)'s Liberal Standard for Amending**

Liberal application of Rule 15(a)(2) should be exercised to allow National Union to file its Counterclaims, "consistent with the spirit of the Federal Rules." *Forman*, 371 U.S. at 182; *accord Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (emphasizing that "[t]he Federal Rules of Civil Procedure adopt a liberal standard for amending").

1. **The Proposed Counterclaims Are Not Futile**

National Union's proposed Counterclaims should not be barred as futile. Futility exists when it is clear that a new pleading would not survive a motion to dismiss or motion for summary

judgment. *Gandhi v. Sitara Capital Mgmt.*, LLC, 721 F.3d 865, 869 (7th Cir. 2013); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Futility cannot be established because the proposed Counterclaims seek counter-declarations that the Policies' terms, conditions, and exclusions do not afford coverage to Sterigenics in the Underlying Litigation. Although this court entered partial judgment on the pleadings on the duty to defend, such ruling and the underlying coverage conclusions are interlocutory and subject to reconsideration and revision after discovery on Sterigenics' corporate status, the Underlying Lawsuit, and extrinsic evidence bearing on the availability of coverage and/or coverage defenses. *See* Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Fidelity & Cas. Co. of New York v. Envirodyne Engineers, Inc.*, 461 N.E.2d 471, 474 (Ill. Ct. App. 1984) (holding that an insurer may challenge the existence of a duty to defend by offering extrinsic evidence to prove that there is no potential coverage under an insurance policy).

Notably, the Court did not determine whether Sterigenics is an "insured" under the Policies through its purported connection to Micro-Biotrol, an alleged subsidiary of Griffith. Rather, the Court held that the Master Complaint in the Underlying Litigation raises the "possibility" that Sterigenics qualifies as a "named insured" under the Policies. [ECF 40 p. 12.] The Court's duty to defend ruling is likewise based upon the averments contained in Sterigenics First Amended Complaint and the underlying Master Complaint, without the benefit of discovery. [*Id*. at pp. 13-24.] Finally, the Court reserved on the issue of indemnification, stating that "questions regarding National Union's duty to indemnify are unripe . . ." [ECF 40, p. 28.] Thus, there have been no coverage determinations outside of the Court's limited interlocutory judgment on the duty to defend, a decision subject to revision after the completion of discovery.

Simply stated, National Union's proposed Counterclaims plead valid causes of action, not subject to immediate dismissal or summary judgment, and should be allowed. *See*, *e.g.*, *Runnion ex rel. Runnion*, 786 F.3d at 528 (holding that district court abused its discretion in denying leave to amend complaint to include legally valid claim that was mischaracterized as futile)  Futility does not exist and does not provide a basis to deny National Union's Motion for Leave to File Counterclaims.

**2.      National Union's Motion Is Timely and Will Not Cause Undue Delay**

National Union's Motion for Leave to File Counterclaims is well-within the timeliness standard recognized by the Federal Rules of Civil Procedure's "liberal standard for amending." *Life Plans, Inc.*, 800 F.3d at 357.  On November 18, 2021, National Union filed a timely Answer and Affirmative Defenses. [ECF 19.]  Five days later, on November 23, 2021, the parties filed a Joint Initial Status Report. [ECF 21.]  At that time, Sterigenics denied the need for discovery and reported its intention to immediately file a motion for partial judgment on the pleadings on the duty to defend. [*Id*., p. 4.]  National Union argued that it would be appropriate to present cross-motions on the interpretation and application of the Policies to the extent such motions could be decided without regard to Sterigenics' alleged "insured" status. [*Id*., pp. 4-5.]  If National Union prevailed, the case would terminate.   If Sterigenics prevailed, as occurred, then additional discovery would be necessary to address corporate succession, the underlying claims, and National Union's alleged indemnity obligations. [*Id*.]  On December 15, 2021, Sterigenics filed its Motion for Partial Judgment on the Pleadings on the duty to defend.  [ECF 24.]  On December 22, 2021, the Court ordered briefing on Sterigenics' Motion without limiting the scope of the Motion and without first allowing discovery.  [ECF 26.]  National Union disagreed with the Court's decision on how the case should proceed, but complied with the Court's directives.  On February 11, 2022,

National Union filed a Cross-Motion for Judgment on the Pleadings and Opposition to Sterigenics'

Motion. [ECF 31, 32.]

On August 3, 2022, this Court entered its Memorandum Opinion and Order on the duty to

defend. [ECF 39.] On August 25, 2022, the Court requested that the parties advise on the

outstanding issues to be addressed in the case, with opening briefs due September 23, 2022. [ECF

41.] National Union's Motion for Leave to File Counterclaims is submitted within this timeframe,

along with the requested case status brief.

The infancy of this litigation and National Union's diligence in seeking leave to amend its

pleadings following the Court's ruling on Sterigenics' Motion satisfies Rule 15(a)(2)'s timeliness

factor. Allowing leave comports with Seventh Circuit precedent, which instructs that "applying

the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best

way to ensure that cases will be decided justly and on their merits." *Runnion ex. rel. Runnion*, 786

F.3d at 520.

The promptness of National Union's request is illustrated by the Seventh Circuit's finding

of timeliness in other cases where amendments were sought much later in litigation. For example,

in *Life Plans*, the Seventh Circuit held that plaintiff's request for leave to add a new party near the

end of the discovery period was timely. 800 F.3d at 358. Although the Seventh Circuit

acknowledged the district court's frustration, it held that amendment "would not have caused

undue delay," noting that plaintiff agreed that it would not ask to re-depose any witnesses. *Id*. The

Seventh Circuit reasoned that "[i]f discovery shows that a party should be added, and if the moving

party has been diligent, there may well be sound grounds for amending the pleadings and even

adding a new party." *Id*. If timeliness was found in *Life Plans*, it should be found here, where

National Union's Motion is being made before *any* discovery has been conducted. National Union

11

is diligently and expeditiously moving to file Counterclaims even before discovery has revealed all of the relevant facts related to Sterigenics' alleged "insured" status, and before all evidence is known impacting the potential coverage owed or excluded under the Policies for each of the hundreds of separate lawsuits involved in the Underlying Litigation. National Union's promptness in seeking leave is clearly established.

### 3. The Timing of National Union's Motion To Amend Does Not Cause Undue Prejudice to Sterigenics

Leave is further warranted because delay is an insufficient basis upon which to deny leave to amend unless "the delay has caused the opposing party undue prejudice." *Textor v. Board of Regents of Northern Ill. Univ.*, 711 F.2d 1387, 1391 (7th Cir. 1983); *see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (delay alone is typically insufficient to preclude amendment under Rule 15(a)(2)'s liberal standard); *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) ("delay is an insufficient basis for denying a motion to amend unless th[e] delay results in undue prejudice to the opposing party); *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019) (the underlying concern with undue delay "is the prejudice to the defendant rather than simple passage of time"); *Vance v. Gallagher*, 2004 WL 1510016, *1 (N.D. Ill. Jul. 7, 2004) ("[D]elay is not a sufficient basis for denial of leave to amend unless the delay has caused the opposing party undue prejudice.").

*Jupiter Aluminum* provides guidance, rejects the notion that allowing leave will result in undue prejudice, and supports allowing National Union's Counterclaims. There, defendants sought leave to file a counterclaim when they answered an amended complaint more than one year after answering plaintiff's original complaint. 181 F.R.D. at 607. The court held that the counterclaim arose from the same transaction as plaintiff's initial complaint and existed when that complaint was filed and therefore was a compulsory counterclaim. *Id*. at 608-09. Plaintiff,

12

however, could not demonstrate that it would be prejudiced by the filing of defendants'
counterclaim because it was based on the same set of facts as plaintiff's complaint and no
additional discovery would be required if the counterclaim was filed. *Id*. at 609. The court granted
defendants' motion for leave to file counterclaim, recognizing that Rule 15(a)(2) provides that
leave "should be freely given when justice so requires." *Id*. (quoting Fed. R. Civ. P. 15(a)(2)); *see
also*, *T&M Industrials*, 2016 WL 693231, at *7 (granting defendant leave to file counterclaims
where there was no evidence of bad faith or dilatory motive in not filing the counterclaims earlier
and no prejudice would result from allowing amendments because the parties were still engaged
in discovery and no trial date had been set); *Lozier v. Quincy Univ. Corp.*, 2019 WL 2648770, *3
(C.D. Ill. Jun. 27, 2019) (holding that it would not be unfair to or prejudice plaintiff to grant
defendant leave to amend his answer to include counterclaims where the case was in its early stages
and discovery was still open).

As in *Jupiter Aluminum*, *T&M Industrials*, and *Lozier*, no undue prejudice will result from
allowing leave to amend here. The proposed Counterclaims involve the same Policies and facts
which give rise to Sterigenics' First Amended Complaint. They state causes of actions based upon
the same averments plead in National Union's Affirmative Defenses. Each and every proposed
Counterclaim also falls within the scope of the "major legal and factual issues anticipated in the
case" identified by the parties in their Joint Initial Status Report. [ECF 21, p. 3.] Thus, Sterigenics
has always known National Union's position regarding insurance coverage. Sterigenics will not
be prejudiced by allowing the Counterclaims, which will not introduce any new facts or issues and
will not require any additional discovery beyond what is currently necessary.

**4.      National Union's Motion Is Filed In Good Faith**

National Union's Motion for Leave to File Counterclaims is made in good faith.  Neither the timing of the motion nor the substance of the amended pleadings are the result of improper or dilatory motive.  As set forth above, National Union has clearly, consistently, and timely advised Sterigenics and this Court of its coverage position, its request for discovery, and its intention to raise the arguments plead in the proposed Counterclaims.  The absence of any bad faith further demonstrates that National Union's Motion is proper and well-within Rule 15(a)(2)'s liberal mandate that parties be "freely given" leave to amend their pleadings.

**IV.      CONCLUSION**

For the foregoing reasons, and authorities cited, National Union respectfully requests that this Honorable Court grant its Motion for Leave to File Counterclaims, enter the proposed Counterclaims as filed, and provide any other and further relief deemed just and proper.

Dated:  September 23, 2022                    Respectfully submitted,

NATIONAL UNION INSURANCE
COMPANY OF PITTSBURGH, PA.

By:     /s/ Joseph P. Lang
Joseph P. Lang

Matthew J. Fink (#6201197)
Joseph P. Lang (#6272584)
Samuel Y. Chen (#6326706)
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 South Wacker Drive, Suite 2100
Chicago, IL 60606
Tel: (312) 585-1400
Fax: (312) 585-1401
mfink@nicolaidesllp.com
jlang@nicolaidesllp.com
schen@nicolaidesllp.com

*Attorneys for Defendant National Union
Fire Insurance Company of Pittsburgh, Pa.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2022, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following email addresses:

Andrew Gordon May
Neal, Gerber & Eisenberg LLP
2 North Lasalle Suite 1700
Chicago, IL 60602
(312) 269-8000
Email: amay@nge.com

Kerry James Sullivan
Calfee, Halter & Griswold LLP
The Calfee Building
1405 E.6th Street
Cleveland, OH 44114
(216) 622-8567
Email: kjsullivan@calfee.com

Matthew A Chiricosta
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East 6th St.
Cleveland, OH 44114
(216) 622-8284
Email: mchiricosta@calfee.com

Paul R. Walker Bright
Neal Gerber & Eisenberg LLP
2 N. LaSalle St
Suite 1700
Chicago, IL 60602
312-269-8000
Email: pwalkerbright@nge.com

Jill B. Berkeley
Neal Gerber & Eisenberg
2 North LaSalle Street
Suite 1700
Chicago, IL 60602
312-269-8024
Email: jberkeley@nge.com

By: /s/ Joseph P. Lang
Joseph P. Lang